## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISON

| | | |
|---|---|---|
| MARQUIS HAWKINS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-1806 |
| | § | |
| TRT HOLDINGS, INC. AND OMNI HOTELS | § | |
| MANAGEMENT CORPORATION, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |

## FIRST AMENDED COMPLAINT

Plaintiff Marquis Hawkins ("Plaintiff"), by and through his attorneys, ELLWANGER LAW LLLP and VALLI KANE & VAGNINI LLP, brings this action for damages and other legal and equitable relief from TRT Holdings, Inc. and Omni Hotels Management Corporation ("Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 et seq. ("§ 1981"); the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.      This is an action brought by Plaintiff seeking damages from Defendants for their unlawful acts of retaliation. Defendants' acts are in violation of Title VII, Section 1981, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

2.      Plaintiff was employed by Defendants as a Compensation Analyst, tasked with reviewing internal data and completing other relevant compliance work. In reviewing Defendants' employment data, he identified issues regarding the hiring, pay, and promotion practices they

**FIRST AMENDED COMPLAINT**

implemented. Specifically, Plaintiff complained that women were being paid less than male employees holding the same job title and performing the same responsibilities; and that women and Black individuals were not being interviewed and/or hired for certain job classifications.

3.     After reporting these discriminatory systemic findings to Executives in the Corporate Human Resources Department, Plaintiff was terminated. Soon thereafter, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC").

4.     Plaintiff engaged in protected activity by identifying and questioning Defendants' discriminatory practices.  Unbeknownst to Plaintiff, Defendants was in the midst of a Federal lawsuit filed in this District for class-wide gender discrimination in pay and promotions within their Food & Beverage Department.

5.     In response to Plaintiff's complaint of discrimination to the EEOC and his cooperation as a witness in the gender discrimination class action, Defendants' further retaliated against Plaintiff by filing a legal action against Plaintiff in state court in Dallas, alleging breach of contract and breach of fiduciary duty in providing the alleged confidential information.

6.     Plaintiff alleges, as a result of Defendant's retaliation, that he is entitled to  (1) back pay, (2) emotional damages, (3) punitive damages, (4) attorneys' fees and costs, (5) interest, and (6) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C.

**FIRST AMENDED COMPLAINT**

§ 2201; (iii) and 42 U.S.C. §§ 2000e *et seq*., as amended. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction upon this Court for all other claims that are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## **PARTIES**

9.      Plaintiff is a person who has been aggrieved by Defendants' actions. He is and has been, at all relevant times, a Black male citizen of the United States of America and is a resident of Texas.

10.      Defendant TRT Holdings, Inc. is a privately held holding company that owns Omni Hotels Management Corporation. During Plaintiff's employment, it shared a President, in addition to a corporate office, with Omni Hotels Management Corporation at 4001 Maple Avenue, Suite 500, Dallas, Texas 75219.

11.      Defendant Omni Hotels Management Corporation is a hotel chain of approximately 60 properties in the United States, Canada, and Mexico. It shares a Chief Executive Officer and President, in addition to a corporate office, with TRT Holdings, Inc., at 4001 Maple Avenue, Suite 500, Dallas, Texas 75219.

12.      Defendants share many executive level employees. For example, during the relevant time period, Jim Caldwell was the President and Chief Executive Officer of Defendant Omni Hotels while simultaneously holding the position of President of Defendant TRT.

**FIRST AMENDED COMPLAINT**

13.     Defendant TRT Holdings controls the terms and conditions of Defendant Omni Hotels' employees. For example, when Defendant TRT acquired Omni Hotels, Defendant TRT terminated many of Defendant Omni Hotels' employees. Upon information and belief, Joy Rothschild ("Ms. Rothschild"), the current Chief Human Resources Officer, was re-hired and tasked with simultaneously overseeing Defendant TRT and Defendant Omni Hotels' human resources department. Ms. Rothschild's approval was required for, among other employer-employee related matters, all promotions, pay raises, and Director and Executive hirings.

14.     Furthermore, Defendant TRT controlled all of Defendant Omni Hotel's fiscal matters. For example, Defendant Omni's budget was set by Defendant TRT; and all of Defendant Omni Hotel's earnings before interest, taxes, depreciation, and amortization ("EBITA") was transferred to Defendant TRT. Defendant TRT then dispersed a percentage of Defendant Omni Hotels' EBITA back to Defendant Omni Hotels' as "major capital," which was used by Defendant Omni Hotels for matters such as roof repairs.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

15.     Plaintiff's complaints of retaliation pursuant to Title VII were timely filed with the Equal Employment Opportunity Commission ("EEOC").

16.     Plaintiff received his Notice of Right to Sue Letter from the EEOC prior to the filing of this Complaint.

## STATEMENT OF FACTS

17.     On September 24, 2015, Sarah Lindsley filed a Charge of Discrimination with the EEOC against Defendants alleging discrimination in pay and opportunities afforded to women in management positions. The Charge was later amended to include retaliation.

**FIRST AMENDED COMPLAINT**

18.     Almost exactly one year later, on or about September 26, 2016, Plaintiff Hawkins was hired by Defendants as a Compensation Analyst in Defendants' corporate Human Resources department.

19.     Prior to working for the Company, Plaintiff received a bachelor's degree in Political Science from Morehouse College in 2008, and a master's degree in Public Administration from Cornell University in 2012.

20.     Additionally, Plaintiff was previously employed in several high-level technical positions across a multitude of organizations, including The Harris County Department of Education, Paul Quinn College, Teach for America, and the Dallas Independent School District, where he crafted a compensation structure for 10,000 teachers employed by the district.

21.     Plaintiff Hawkins was the first Compensation Analyst employed by Defendants and was tasked with developing pay ranges for property level managers and directors, reviewing and analyzing pay data and performing compliance reviews in response to internal and external audits, including audits by the Office of Federal Contract Compliance ("OFCCP").

22.     In his capacity as Compensation Analyst, Plaintiff was also tasked with (1) managing the reporting process and analysis required for the OFCCP report for all properties and the corporate office, which included micro-level data mining and analysis for specific properties selected for audits in 2016, 2017, and 2018; (2) managing the compensation data for the Company's annual compensation surveys; (3) assembling the salary ranges for all director and management positions at all properties; (4) creating HRIS reports for OFCCP, EEO-1, HICS, and others needed by specific properties; and (5) creating reports and analysis for leadership support for senior level policy decision making.

**FIRST AMENDED COMPLAINT**

23.     On May 30, 2017, the EEOC issued a determination in which it found that Sarah Lindsley was paid unequal wages in violation of both Title VII and the Equal Pay Act, and that Lindsley was retaliated against for engaging in protected activity.

24.     On October 25, 2017, Sarah Lindsley filed a Complaint against Defendants, *Sarah Lindsley v. TRT Holdings, Inc. and Omni Hotels & Resorts*,[1] Civil Action No. 3:17-02942 in the United States District Court for the Northern District of Texas, Dallas Division ("the *Lindsley* Suit") alleging discrimination in pay and retaliation.

25.     On January 11, 2018, Sarah Lindsley filed an amended complaint alleging (1) class-wide pay and promotional discrimination against female Food and Beverage employees on the basis of their sex, and (2) an EPA collective action on behalf of female Food and Beverage Directors.

26.     Despite being employed as a Compensation Analyst, Plaintiff was never notified about the *Lindsley* suit, nor was he notified about his duty to maintain records relating to the action.

27.     In reviewing employment data for Defendants, however, Plaintiff noticed systemic issues in hiring, pay, and promotion structures throughout multiple properties, including the corporate office in Dallas, Texas.

28.     Specifically in regard to the Defendants' hiring history, Plaintiff observed a significant discrepancy in the amount of men being interviewed and selected for certain positions over women across several properties. Despite a significant number of female applicants for positions such as "house person," males were exclusively hired for the job.

---

[1] Omni Hotels & Resorts was later amended to Omni Hotels Management Corporation.

**FIRST AMENDED COMPLAINT**

29.     Plaintiff discovered, through data and EEO-1 reports, that discrepancies in hiring were especially prevalent in the Food & Beverage Division, and that a majority of the management at the Company was comprised of White males.

30.     Specifically in regard to the Defendants' pay rates, Plaintiff observed disparities in pay for men and women with men being paid at significantly higher rates.

31.     Plaintiff discovered disparities in wages for salaried employees in 2017, at different Company properties.

32.     At all locations, men were paid at higher rates than female employees, and the number of male salaried employees far outweighed the number of women.

33.     In addition to salaried employees, Plaintiff also discovered disparities in pay for hourly wage employees.

34.     Specifically in regard to Defendants' promotional structure, Plaintiff observed there were barriers that prevented women from advancing within the organization after they were hired. This was evident at both the corporate and property level.

35.     As an example, Plaintiff found that men were disproportionately promoted into salaried management positions from lower level positions more frequently than women. Specifically, the corporate finance and sales divisions were comprised of lower level female employees while males held all the management positions.

36.     In January 2018, Plaintiff reported the observations from his audits to Barbara Doucet, the Vice President of Human Resources, and others, in an attempt to address the discriminatory discrepancies.

37.     After reporting these issues, Defendantsretaliated against Plaintiff by terminating his employment in February 2018.

**FIRST AMENDED COMPLAINT**

38.     The Defendants offered him a severance package that required him to sign a release of legal claims and provide Defendants with widespread confidentiality relating to Plaintiff's employment and his findings.  Plaintiff refused to accept the severance offer.

39.     On April 13, 2018, Plaintiff filed his EEOC Charge of Discrimination pursuant to Title VII.

40.     Separately, Plaintiff submitted a Declaration dated July 11, 2018 [sic] in support of the *Lindsley* Suit.

41.     In particular, as a Compensation Analyst for Defendants, Plaintiff had personal knowledge and evidence of the Defendants' practices.

42.     In his Declaration, Plaintiff provided testimony relating to Defendants' discriminatory pay and promotion practices based upon firsthand personal knowledge.

43.     After the filing of Plaintiff's EEOC charge in April 2018, and after submitting his Declaration in support of the *Lindsley* Suit in July 2018, Defendants filed a state court Petition and Application for Injunctive Relief against Plaintiff in Dallas County District Court in December 2018.

44.     In the petition, Defendants allege that Plaintiff breached an employee Confidentiality Agreement in providing the information for the Declaration. Defendants allege breach of contract, breach of fiduciary duty and seek injunctive relief.  That suit is currently pending.

45.     Plaintiff does not recall executing any such Confidentiality Agreement and Defendants have been unable to produce one to Plaintiff or his counsel, despite his request prior to submitting any information in relation to the *Lindsley* action or his own complaints to the EEOC and this lawsuit.

**FIRST AMENDED COMPLAINT**

46.     On May 1, 2019, Plaintiff requested his Right to Sue letter from the EEOC and commenced this action for retaliation.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Retaliation)**

47.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

48.     Plaintiff lodged complaints with Defendant regarding their discriminatory employment practices and, as such, engaged in protected activity under Title VII.

49.     Defendant retaliated against Plaintiff by terminating his employment and filing a petition against him in Texas State Court.

50.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

51.     Plaintiff's requests for relief are set forth herein.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**42 U.S.C. § Section 1981**
**(Retaliation)**

52.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

53.     Defendants have violated Section 1981 by subjecting Plaintiff to retaliation for his protected complaints and opposition to Defendants' discriminatory practices on the basis of race by terminating Plaintiff's employment with the Company.

54.     The conduct alleged herein violated Section 1981.

55.     Plaintiff's requests for relief are set forth herein.

**FIRST AMENDED COMPLAINT**

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**The Texas Employment Discrimination Act, as amended,**
**Tex. Lab. Code §§ 21.001 *et seq.***
**(Retaliation)**

56.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

57.     Plaintiff lodged complaints with Defendant regarding discriminatory employment practices and, as such, engaged in protected activity under the TLC.

58.     Defendant retaliated against Plaintiff by terminating his employment and filing a petition against him in Texas State Court.

59.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*

60.     Plaintiff's requests for relief are set forth below.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

61.     That the practices of the Defendants complained of herein be determined and adjudged to be in violation of the rights of Plaintiff under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 et seq. ("§ 1981"); the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

62.     All damages which Plaintiff has sustained as a result of Defendants' conduct, including back pay, front pay, liquidated damages, punitive damages, general and special damages for lost compensation and job benefits he would have received but for Defendants' unlawful and retaliatory conduct;

**FIRST AMENDED COMPLAINT**

63.      Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

64.      Post-judgment interest, as provided by law; and

65.      That the Court retain jurisdiction over Defendants until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law;

Plaintiff also seeks injunctive relief, including but not limited to:

    a.   Training on the subject of employment discrimination for all of Defendants' employees;

    b.   Active monitoring of the work areas to ensure compliance with discrimination policies;

    c.   An audit of Defendants' compliance with OFCCP regulations, to be conducted by the OFCCP;

    d.   Monitoring by the Court or a Federal Agency to ensure that Defendants comply with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

**FIRST AMENDED COMPLAINT**

Dated: April 24, 2020                               Respectfully submitted,

/s/ *Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
**ELLWANGER LAW LLLP**
400 South Zang Blvd., Suite 1015
Dallas, Texas  75208
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

James A. Vagnini *(pro hac vice to be filed)*
jvagnini@vkvlawyers.com
Monica Hincken *(pro hac vice to be filed)*
mhincken@vkvlawyers.com
**VALLI KANE &VAGNINI, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
Facsimile: (516) 706-0248

**COUNSEL FOR PLAINTIFF**

**FIRST AMENDED COMPLAINT**